# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

KAREN SMITH,

    Plaintiff,

       v.

MEDICREDIT CORPORATION,

    Defendant.

───────────────────────────────────────────────

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

───────────────────────────────────────────────

**PLAINTIFF'S COMPLAINT**

KAREN SMITH, Plaintiff, through her attorneys, KROHN & MOSS, LTD., alleges the following against MEDICREDIT CORPORATION, Defendant:

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, lawyers, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Colorado, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Denver, Colorado, and is allegedly obligated to

2
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a national company with its headquarters in Columbia, Missouri.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

14. Defendant places approximately three (3) collection calls in a single day to Plaintiff seeking and demanding payment.

15. Defendant constantly and continuously places collection calls to the number (720) 309-7972 seeking and demanding payment for the alleged consumer debt.

16. Defendant fails to properly identify itself when placing collection calls by calling from blocked number and failing to leave a message.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDPCA by contacting Plaintiff at a time and place known to be inconvenient.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, KAREN SMITH, respectfully requests judgment be entered against Defendant, MEDICREDIT CORPORATION, for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, KAREN SMITH, requests a jury trial in this case.

DATED:  June 22, 2010                    KROHN & MOSS, LTD.


By:  /s/ Nicholas J. Bontrager       _

Nicholas J. Bontrager, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025
Ph: (323) 988-2400; Fx: (866) 802-0021
nbontrager@consumerlawcenter.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF COLORADO

Plaintiff, KAREN SMITH, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KAREN SMITH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4-2-10

_____
KAREN SMITH